RECEIVED
MAY 1 0 2017
AT 8:30_____
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JASON DOTTS and JAMES DOTTS,

Plaintiffs,

v.

DETECTIVE ROMANO; MARGARET
HAMMELL,

Defendants.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 17-0431 (AET-TJB)

**OPINION**

APPEARANCES:

Jason Dotts, Plaintiff Pro Se
194763C/034695
M.C.C.I.
1 Waterworks Road
Freehold, NJ 07728

James Dotts, Plaintiff Pro Se
034695
M.C.C.I.
1 Waterworks Road
Freehold, NJ 07728

**THOMPSON, District Judge:**

## I.  INTRODUCTION

Before the Court is James and Jason Dotts' ("Plaintiffs"), civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

**II.  BACKGROUND**

Plaintiffs bring this civil rights action against Detective Romano from Long Branch and Judicial Officer Margaret Hammell. Complaint ¶ 4. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiffs' allegations.

Plaintiffs both allege that Detective Romano falsely charged them with robbery and imprisoned them in Monmouth County Correctional Institution ("MCCI"). Complaint ¶ 6. According to the complaint, Detective Romano thereafter questioned Jason[1] about the robbery on November 4, 2016. *Ibid.* Jason was eventually released. *Ibid.* Detective Romano interviewed the alleged robbery victim, who told him that neither Jason nor James were involved in the robbery. *Ibid.* However, Plaintiffs were later both arrested for the crime by Detective Romano and taken to MCCI. *Ibid.* Jason also alleges Ms. Hammell "signed off on a complaint that wasn't carefully read over and/or

---

[1] As Plaintiffs share a last name, the Court refers to them by their first names only to distinguish their separate allegations.

2

investigated properly." *Id.* ¶ 4. James also alleges Detective Romano defamed his character and slandered his name. *Id.* ¶ 4(b).

### III. STANDARD OF REVIEW

#### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiffs are prisoners proceeding *in forma pauperis* and are seeking relief from government employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte*

3

screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

## A. False Arrest and Imprisonment

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913 (2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Construing the complaint liberally and giving Plaintiffs the benefit of all reasonable inferences, they have sufficiently alleged false arrest and false imprisonment claims against Detective Romano. Specifically, they allege that he charged them with robbery even after the victim and evidence indicated they were not involved. As a result, they were imprisoned without probable cause. The complaint shall proceed on these claims.

The complaint must be dismissed as to Ms. Hammell, however. Jason identifies her as a "judicial officer" who signed off on the complaint against him without investigating it. "[Q]uasi-judicial immunity may extend to professionals who assist courts

6

in their judicial function." *Alfred v. New Jersey*, No. 13-0332, 2013 WL 4675536, at *8 (D.N.J. Aug. 29, 2013) (citing *Hughes v. Long*, 242 F.3d 121 (3d Cir. 2001)); *see also Davis v. Phila. Cty.*, 195 F. Supp. 2d 686, 688 (E.D. Pa. 2002) ("[J]udicial or quasi-judicial immunity applies to court staff who are acting in their official capacities."). "[T]he 'touchstone' for the applicability of the doctrine of judicial immunity is 'the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390-91 (D.N.J. 2012) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)).

Here, Jason alleges Ms. Hammell "signed off on" the complaint, which the Court interprets as an allegation that Ms. Hammell was the judicial officer who administered the oath to Detective Romano. *See* N.J. STAT. ANN. § 2B:12-21; N.J. Ct. R. 3:3-1(a). This is equivalent to a judge's finding of probable cause, a quintessential judicial function, making Ms. Hammell immune from suit. *See Sewell v. Bowman,* No. 1:15-CV-1849, 2015 WL 5997056, at *4 (M.D. Pa. Oct. 14, 2015); *Ingram*, 858 F. Supp. 2d at 390. The complaint is dismissed with prejudice as to Ms. Hammell.

7

**B. Malicious Prosecution**

The complaint could also reasonably be read to raise malicious prosecution claims against Detective Romano. To prevail on a § 1983 malicious prosecution claim, Plaintiffs must set forth facts indicating:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)). Malicious prosecution claims do not accrue until charges are dismissed. *Ginter v. Skahill*, 298 F. App'x 161, 163 (3d Cir. 2008) (citing *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996)).

Here the charges are presently still pending against Plaintiffs; therefore, they cannot meet the favorable termination element of a malicious prosecution claim. *See Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))). The Court will therefore dismiss this claim without

8

prejudice. Plaintiffs may raise this claim in a new complaint in the event they are later able to meet the favorable termination requirement.

## C. Defamation

James further alleges Detective Romano defamed him. Under New Jersey law,[3] the elements of the cause of action for defamation are: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person (and not privileged); and (3) that defendants acted negligently or with actual malice." *G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011). Here, James has not set forth any facts indicting what the defamatory remarks were and to whom Detective Romano made them. Conclusory allegations that Detective Romano "defamed" James' character and "slander[ed] [his] name" are insufficient under *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding pleading standards require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). This claim shall be dismissed without prejudice, and Plaintiffs may move to amend this claim in accordance with Federal Rule of Civil Procedure 15.

---

[3] The Court has supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367.

9

### D. Injunctive Relief

Plaintiffs ask for injunctive relief in the form of release from prison. *See* Complaint ¶ 7 ("I want the Court to give me back my freedom."). "[S]tate prisoners [must] use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement — either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). The Court cannot order Plaintiffs' release in a § 1983 action; therefore, the request for injunctive relief will be dismissed.

### V. CONCLUSION

For the reasons stated above, Plaintiffs' false arrest and false imprisonment claims may proceed against Detective Romano. The defamation and malicious prosecution claims are dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). The claims against Ms. Hammell and for injunctive relief are dismissed with prejudice.

An appropriate order follows.

May 9, 2017
Date

ANNE E. THOMPSON
U.S. District Judge

10