UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON DOTTS and JAMES DOTTS,<br><br>Plaintiffs,<br><br>v.<br><br>DETECTIVE ROMANO and MARGARET HAMMELL,<br><br>Defendants. | Civ. No. 17-431<br><br>OPINION |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Motions to Stay filed by Plaintiff Jason Dotts (ECF No. 44) and Plaintiff James Dotts (ECF No. 47). Defendant Detective Nicholas Romano opposes both Motions. (ECF Nos. 45, 48.) The Court has decided this matter based upon the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motions are granted.

## BACKGROUND

Plaintiffs Jason Dotts and James Dotts (collectively "Plaintiffs") bring this civil rights action against Defendants Romano and Judicial Officer Margaret Hammell. According to the Complaint, Defendant Romano falsely arrested and imprisoned Plaintiffs for an assault and robbery that occurred on November 3, 2016. (Compl. at 6, 11, ECF No. 1.)[1] Plaintiffs allege that they were arrested for the robbery despite the fact that the victim told Defendant Romano that Plaintiffs were not involved (*id*. at 6, 11), and that neither Plaintiff had injuries on his hands

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.

1

consistent with the crime (*id.* at 6). Jason Dotts also alleges that Defendant Hammell "signed off on a complaint that wasn't carefully read over and/or investigated properly." (*Id.* at 4.) James Dotts further alleges that Defendant Romano defamed his character. (*Id.* at 11.)

Plaintiffs filed the Complaint on January 20, 2017, while they were both incarcerated at the Monmouth County Correctional Institution. (*Id.* at 2, 9.) On May 10, 2017, the Court *sua sponte* dismissed all of Plaintiffs' claims except for the false arrest and false imprisonment claims against Defendant Romano. (ECF No. 5.) The Court then stayed discovery while the criminal charges against Plaintiffs proceeded in New Jersey state court. (ECF No. 21.) On March 22, 2019, Plaintiffs were acquitted of robbery but convicted of aggravated assault, theft, and conspiracy to commit robbery. (ECF No. 32.) They were each sentenced to fifteen years imprisonment on May 31, 2019. (*Id.*) The Court thereafter lifted the stay and ordered that discovery be completed by December 19, 2019. (ECF No. 40.) Defendant Romano sought permission to move for summary judgment prior to the close of discovery (ECF No. 41), which the Court granted, ordering that discovery would resume after a decision on the motion is rendered (ECF No. 42). On September 12, 2019, Defendant Romano filed a Motion for Summary Judgment (ECF No. 43), and Plaintiffs did not oppose.

On January 6, 2020, Plaintiff Jason Dotts filed the present Motion seeking a stay pending his criminal appeal, or alternatively leave to amend or a voluntary dismissal without prejudice. (ECF No. 44.) Plaintiff James Dotts filed a nearly identical Motion on January 15, 2020. (ECF No. 47.) Both Plaintiffs provided proof that they have appealed their respective convictions.

(Jason Dotts Letter at 4, ECF No. 50; James Dotts Letter at 2, ECF No. 51.)[2] Defendant Romano opposes. (ECF Nos. 45, 48.)[3] Plaintiffs' Motions are presently before the Court.

## LEGAL STANDARD

A stay is an "extraordinary remedy," *Walsh Sec., Inc. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987)), but "[a] court has discretion to stay a case if the interests of justice require it," *id.* (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). In determining whether a stay should be granted, the Court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (internal citations omitted). A stay of a civil case where there are pending criminal proceedings is not constitutionally required; however, it may be warranted in certain circumstances. *Walsh*, 7 F. Supp. 2d at 526. To determine whether to stay a civil case pending criminal proceedings, courts consider six factors:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Id.* at 527. The party seeking the stay bears the burden of showing that it is warranted. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

## DISCUSSION

Plaintiffs seek to stay this case pending their criminal appeals, but do not elaborate on the nature of their appeals or provide arguments in favor of a stay. (*See* Jason Dotts Mot. at 1, ECF No. 44; James Dotts Mot. at 1, ECF No. 46.) In the alternative, Plaintiffs request that the Court

---

[2] The page numbers to which the Court refers are the CM/ECF page numbers.
[3] Defendant filed the same letter in opposition to both Motions. (*See* ECF Nos. 45, 48.) For simplification, the Court will refer only to ECF No. 45.

grant Plaintiffs leave to amend the Complaint to include an abuse of process claim or dismiss the case without prejudice. (*Id.*) Defendant contends that the criminal matters have been adjudicated, and therefore a stay is not warranted. (*See* Opp'n at 1, ECF No. 45.) Defendant also opposes an amendment, arguing that an abuse of process claim would be both futile and time barred. (*Id.*) The Court will first address the request to stay, considering each *Walsh* factor in turn.

**I.     Overlapping Issues**

The extent to which the issues in the criminal and civil cases overlap is the most important issue for determining whether to grant a stay. *Walsh*, 7 F. Supp. 2d at 527. There are special considerations for a § 1983 plaintiff challenging the circumstances of his arrest or prosecution when the plaintiff has been convicted of the crime by a state tribunal. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

512 U.S. 477, 486–87 (1994). In applying this principle, a Court's central inquiry should be whether a judgment in favor of the § 1983 plaintiff would necessarily imply the invalidity of the state conviction or sentence. *Id*. at 487. The Supreme Court noted that certain § 1983 claims alleging Fourth Amendment violations may be able to proceed despite a criminal conviction. *Id.* at 487 n.7 (noting that a § 1983 unreasonable search claim would not necessarily render a conviction invalid due to doctrines such as harmless error, independent source, and inevitable discovery). The Third Circuit requires that a district court undertake a fact-based inquiry into the nature of the criminal conviction and the antecedent proceedings to determine whether a Fourth Amendment claim implies the invalidity of the underlying conviction. *See Gibson v.*

4

*Superintendent of N.J. Dep't of Law & Pub. Safety*, 411 F.3d 427, 448, 451 (3d Cir. 2005), *abrogated on other grounds*, *Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010).

Plaintiffs' false arrest and imprisonment claims directly relate to the criminal proceedings, since they arise out of the same events. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).[4] Therefore, for Plaintiffs to succeed on the § 1983 claims, the Court must find that Defendant Romano lacked probable cause when he arrested Plaintiffs. Such a finding would likely imply the invalidity of the state conviction, and thus would be barred under *Heck*. The Court reserves ruling on whether Plaintiffs claims are definitively barred by *Heck*, since such a determination requires a fact-based inquiry, *see Gibson*, 411 F.3d at 451, and the factual record has not been fully developed in this case. Still, the likelihood that *Heck* bars Plaintiffs' claims until and unless their convictions are overturned on appeal weighs in favor of a stay pending the outcome of the criminal appeals. *See Hicks v. Swanhart*, 2012 WL 6152901, at *3 (D.N.J. Dec. 10, 2012) (finding that although it is unclear whether the plaintiff's § 1983 claims are barred under *Heck*, "the possibility of mootness" if the plaintiff's appeal is unfavorable "is a consideration which weighs in favor of a stay").

## II. Stage of Criminal Proceeding

The second factor of the *Walsh* test—concerning the status of the criminal case—also weighs in favor of a stay. Here, the related criminal cases are currently on appeal. Because the "appeal process is an uncertain, potentially long-ranging, process," "only unusual circumstances would justify an order staying a post-conviction civil proceeding." *In re Valeant Pharm. Int'l*,

---

[4] A claim for false imprisonment is linked to a claim of false arrest, since it requires a detention based on an arrest without probable cause. *See, e.g.*, *City of Wilkes-Barre*, 700 F.3d at 683.

*Inc. v. Sec. Litig.*, 2019 WL 1578677, at *4 (D.N.J. Apr. 12, 2019). The fact that Plaintiffs' § 1983 claims may be barred under *Heck* unless they receive a favorable outcome in their criminal appeal is indeed an unusual circumstance justifying a stay pending appeal.

## III.     Interests of the Parties, the Court, and the Public

The final four factors of the *Walsh* test consider the interests and burdens on the parties, the Court, and the public. *Walsh*, 7 F. Supp. 2d at 527. "As in all cases, the Plaintiff[s], the Court, and the public have an interest in the expeditious resolution of its case." *Valeant*, 2019 WL 1578677 at *7 (quoting *U.S. Commodity Futures Trading Comm'n v. Lamarco*, 2018 WL 2103208, at *5 (E.D.N.Y. May 7, 2018)). This case was filed over three years ago, and therefore expeditious resolution is of particular concern. Additionally, Defendant has an interest in seeing the case move forward, since his Motion for Summary Judgment is still pending before this Court. (*See* ECF No. 43.) Granting a stay pending the criminal appeals would further prolong these proceedings, potentially for a year or more.

However, due to the overlapping issues in Plaintiffs' § 1983 claims and the state criminal appeals, a stay pending the resolution of those appeals will likely simplify the issues in this case and may resolve arguments presented in the Motion for Summary Judgment. Therefore, a stay would promote judicial economy for both the Court and the parties. *See Hicks*, 2012 WL 6152901, at *3. Conversely, allowing this case to move forward while the criminal appeals are ongoing may result in duplicative efforts and conflicting judgments. Weighing these factors, the interests of the parties, the public, and the Court are best served by a stay pending Plaintiffs' criminal appeal.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motions to Stay (ECF Nos. 44, 47) are granted.[5] An appropriate Order will follow.


Date: March 9, 2020                                    */s/ Anne E. Thompson*
                                                       ANNE E. THOMPSON, U.S.D.J.

---

[5] Because the Court grants Plaintiffs' main request regarding a stay, the Court will not consider Plaintiffs' alternative requests regarding leave to amend or dismissal without prejudice.